## LOVELL-McCONNELL MFG. CO. v. GENERAL AUTOMOBILE SUPPLY CO.

(District Court, S. D. New York.   September 14, 1915.)

PATENTS ☞328—INVENTION—ELECTRIC HORN.
    The Dean patent, No. 1,105,324, for an electric horn, in view of the prior art, is void for lack of invention.

In Equity. Suit by the Lovell-McConnell Manufacturing Company against the General Automobile Supply Company. On final hearing. Decree for defendant.

George C. Dean, of New York City (Drury W. Cooper and Irving M. Obrieght, both of New York City, of counsel), for complainant.

Howard P. Denison and Eugene A. Thompson, both of Syracuse, N. Y., for defendant.

AUGUSTUS N. HAND, District Judge. Complainant sues for infringement of claim 7 of United States letters patent No. 1,105,324, to George C. Dean, for an improvement in mechanical horns. There seems to be no contention that defendant has not infringed, but the latter solely relies for its defense upon anticipation and lack of invention.

Claim 7 reads as follows:

"7. A horn or signalling device having a casing member presenting a threaded portion, a diaphragm clamped to said casing member adjacent the periphery of the latter and an electric motor including an armature and a casing having a cylindrical threaded wall and transverse wall, said transverse wall being spaced from and substantially parallel to said diaphragm and serving as a bearing for one end of the armature shaft, a rotor on said armature shaft between said transverse wall and said diaphragm for vibrating the latter, the threaded engagement of said shell and said casing serving to adjust the position of said rotor in respect to said diaphragm."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In his specification Mr. Dean says in regard to the mechanism:

"The novel features of construction hereinafter described, and by means of which the diaphragm is caused to vibrate upon the rotation of the rotary member, form no portion of the present invention and are not claimed herein; the same being claimed in a copending application. * * * By employing a threaded connection between the motor casing, or shell, and a portion of the diaphragm casing, a very delicate adjustment is secured by a relative rotation of the parts. * * * The motor casing or shell preferably has spaced end walls including bearings for the armature shaft. One of these walls is preferably substantially parallel to the diaphragm, and spaced only a short distance therefrom, so as to form, with the diaphragm supporting member and the diaphragm, a substantially air-tight chamber in the rear of the diaphragm, and in which the air may be compressed and expanded during the vibration of the diaphragm. The adjustment of the motor toward and from the diaphragm also serves to adjust this end wall toward and from the diaphragm, and vary the volume of the air chamber in the rear of the diaphragm."

Now, all of the elements in the patent in suit seem to be old; but it is insisted that the combination is new and useful, and particularly that the "threaded engagement * * * serving to adjust the position of said rotor in respect to said diaphragm," mentioned in claim 7, and the "substantially air-tight chamber in the rear of the diaphragm, and in which the air may be compressed and expanded during the vibration of the diaphragm," referred to in the specification, but not mentioned in claim 7, are useful elements additional to those appearing on other horns of similar design.

A threaded engagement similar to that of the patent in suit appears in the British patent to Rogers, No. 23,802, and in the French patent to Monnot, No. 422,256. The "air-compression space or chamber," mentioned in claim 21 of patent to Miller Reese Hutchinson, No. 1,-111,463, closely resembles the "air-tight chamber in the rear of the diaphragm," referred to in the specification of the patent in suit, and the Hutchinson patent also has a thread and screw mechanism to adjust the diaphragm and vibrator. On page 3, line 18, of the specification of the Hutchinson patent it is said:

"On the back side of said diaphragm may be a 3-point contact buckling spring 23 and behind this adjustably mounted a resonating wall or partition 24 carried by a cylindrical flange 25, exteriorly screw-threaded to fit the interior of the cylinder 13."

The specification likewise contains a further description of a screw-threaded bridge to support the vibrating circuit-closing device. It is to be noted that complainant's assignor, Dean, signed the drawings for the foregoing Hutchinson patent, the application for which was made some years before that of the patent in suit.

The Newtone horn introduced in evidence by the defendant had in place of the threaded engagement a slot and bolt engagement of the shell and casing which adjusted the rotor in respect to the diaphragm and answered the same purpose as the threaded engagement of Dean.

There seems to be doubt whether there is any utility in the air-tight chamber in the rear of the diaphragm. In any event, that feature appears, as I have said, in the Hutchinson patent. The threaded engagement seems no more than a mechanical equivalent for the slot and

bolt adjustment of the Newtone horn. This threaded adjustment of various parts of automobile horns was so well known that I can see no novelty in the addition of this element or in the combination sufficient to constitute a patentable invention.

For the foregoing reasons the patent is void for lack of invention, and the bill should be dismissed.